## IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS

United States of America ex rel.                )
)        05-1239
)
**JOHNNIE L. SAVORY, II, #L-12206**              )
(Full name and prison number)                    )
(Include name under which convicted)             )
)
**PETITIONER**                                   )    CASE NO. **05 C 50149**
)        (Supplied by Clerk of this Court)
vs.                                              )
)
**NEDRA CHANDLER, WARDEN,** IDOC/et al.,         )        **JUDGE REINHARD**
(Warden, Superintendent, or authorized           )
person having custody of petitioner)             )        **F I L E D**
)
RESPONDENT, and                                  )
)        **JUL 2 1 2005**
**(Fill in the following blank only if judgment  )
attacked imposes a sentence to commence          )        **MICHAEL W. DOBBINS
in the future)**                                 )        CLERK, U.S. DISTRICT COURT**
)
ATTORNEY GENERAL OF THE STATE OF                 )    Case Number of State Court Conviction:
)
**HONORABLE LISA MADIGAN**                       )        **77-CF-565**
(State where judgment entered)                   )

### PETITION FOR WRIT OF HABEAS CORPUS – PERSON IN STATE CUSTODY

1.  Name and location of court where conviction entered: **PEORIA, ILLINOIS, PEORIA**

**COUNTY COURTHOUSE**

2.  Date of judgment of conviction: **May 1, 1981**

3.  Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known)

**Murder, indictment no. 77-CF-565**

4.  Sentence(s) imposed: **40-80 years**

5.  What was your plea? (Check one)        (A) Not guilty        ( X )
(B) Guilty          (   )
(C) Nolo contendere ( )

If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:

A TRUE COPY ATTEST
MICHAEL W. DOBBINS, CLERK

By Julie Hutchill
DEPUTY CLERK
U. S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS
8/16/05
DATE:

## PART I -- TRIAL AND DIRECT REVIEW

1. Kind of trial: (Check one):    Jury ( x )    Judge only (  )

2. Did you testify at trial?    YES (  )    NO    ( x )

3. Did you appeal from the conviction or the sentence imposed? YES ( x )  NO (  )

   (A) If you appealed, give the

      (1) Name of court:    SECOND DIST. APPELLATE COURT

      (2) Result:    CONVICTION AFFIRMED

      (3) Date of ruling:    1982

      (4) Issues raised:    (1) Miranda warning violation; (2) harmless

      error relating to states witnesses testimony; (3) Ineffective

      representation; (4) Harmless error closing argument; Error.

   (B) If you did not appeal, explain briefly why not:

4. Did you appeal, or seek leave to appeal, to the highest state court?  YES ( x )    NO (  )

   (A) If yes, give the

      (1) Result    Illinois Supreme Court refuse To Hear it.

      (2) Date of ruling:

      (3) Issues raised:

   (B) If no, why not:

5. Did you petition the United States Supreme Court for a writ of *certiorari*?  Yes (  )   No ( x )

   If yes, give (A) date of petition: _____  (B) date *certiorari* was denied: _____

2

## PART II -- COLLATERAL PROCEEDINGS

1. With respect to this conviction or sentence, have you filed a post-conviction petition in state court?

YES (x)   NO ( )

With respect to *each* post-conviction petition give the following information (use additional sheets if necessary):

A.   Name of court:   PEORIA CIRCUIT COURT, 10TH JUDICIAL CIR.

B.   Date of filing:   1983

C.   Issues raised:   (1) States two key witnesses committed perjury;

(2) States two key witnesses recanted their trial testimony.

D.   Did you receive an evidentiary hearing on your petition?    YES (x)   NO ( )

E.   What was the court's ruling?  Denied

F.   Date of court's ruling:   1983

G.   Did you appeal from the ruling on your petition?    YES (x)   NO ( )

H.   (a) If yes,    (1) what was the result?    Anders Brief Was Filed

(2) date of decision:    none

(b) If no, explain briefly why not: _____

I.   Did you appeal, or seek leave to appeal this decision to the highest state court?

YES ( )  NO (x)

(a) If yes,    (1) what was the result?    _____

(2) date of decision:    _____

(b) If no, explain briefly why not: Appellate Counsel Filed An Anders Brief

3

2. With respect to this conviction or sentence, have you filed a petition in a state **court** using any other form of pos conviction procedure, such as *coram nobis* or habeas corpus?   YES (X)        NO ( )

   A. If yes, give the following information with respect to each proceeding (use separate sheets if necessary):

      1. Nature of proceeding        POST CONVICTION/MOTION FOR DNA TESTING

      2. Date petition filed        January 1998

      3. Ruling on the petition     Denied

      3. Date of ruling             July 9, 1998

      4. If you appealed, what was
         the ruling on appeal?        Denied

      5. Date of ruling on appeal  3rd Dist. Ill. App.Ct. 1999

      6. If there was a further appeal,
         what was the ruling ? Yes      Il. Supreme Court 2001(Denied)

      7. Date of ruling on appeal  May 24, 2001

3. With respect to this conviction or sentence, have you filed a previous petition for habeas corpus in **federal court?**
          YES (X)  NO ( )

   A. If yes, give name of court, case title and case number:  Savory v. Lane, 832 F.2d 1011

(and) Savory v. Peters, 1995 WL 9242

   B. Did the court rule on your petition? If so, state   Yes

     (1) Ruling: **Denied On Savory v. Lane & Denied On Savory v. Peters;**

     (2) Date:    **October 30, 1987 and 1995.**

4. **WITH RESPECT TO THIS CONVICTION OR SENTENCE, ARE THERE LEGAL PROCEEDINGS PENDING IN ANY COURT, OTHER THAN THIS PETITION?**

YES (X)   NO ( )

If yes, explain: **Attorneys from Jenner & Block[Mr. Christopher Tompkins] filed
1983 Civil Suit; Savory v. Kevin Lyons, Case No. 05-2082 [Case Pending]**
The United District Court, Central Dist. Of Il., Urbana Divison
[FOR THE RIGHT TO DNA TESTING]

4

## PART III -- PETITIONER'S CLAIMS

1. State briefly every ground on which you claim that you are being held unlawfully. Summarize briefly the fac supporting each ground. You may attach additional pages stating additional grounds and supporting facts. If you fail t set forth all grounds in this petition, you may be barred from presenting additional grounds later.

**BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUI STATE COURT REMEDIES WITH RESPECT TO EACH GROUND FOR RELIEF ASSERTED.**

(A) Ground one Petitioner was placed in **Mandatory** Pre-Start Program
   Supporting facts (tell your story briefly without citing cases or law):

In April of 2002, Petitioner was placed in **Mandatory** Pre-Start program

for **Parole or Release** upon completion or graduation **of this program.**

**Someone from the Illinois** Prisoner Review Board contacted Warden John

C. Battles and told him to place me in the **Madatory Pre-Start Program**

to be Parole or released after my next Board Hearing because I had re-

ceived five (5) votes for Parole in 2001. Il. Prisoner Review Board

and Director IDOC agreed together to place me in this program. See
Attached Exhibits  A, Petition of Mandamus/w Exhibits

(B) Ground two Petitioner filed a Petition Of Mandamus Relief
   Supporting facts:

On August 19, 2004, Petitioner Petition of Mandamus and **attached ex-**

hibits was stamped filed by the Circuit Clerk of Cöok County, case no.

041 009358 Calendar H. The Court appointed the Hon. Judge Bill Taylor.

The case was later transfered to Hon. Judge Randye A. Kogan of the 1st

Judicial Circuit Court. Both the Asst. Attorney Gen. agreed for the

case to be transfered to either Fulton or Sangamon County. Judge Kogan

signed and enter the **Order** on January 26, 2004. See attached Exhibits

B, Transfer Order, C, Petitioner's letter to Asst. Atty. Gen. and D,
Asst. Atty. Gen. letter in Response to Petitioner's Letter.

(C) Ground three **The State Court Has Abandon My Petition of Mandamus**
    Supporting facts:

On April 6, 05, I contacted the Hon. Libri, Cir. Clerk of Sangamon

County regarding the status of my case and what Judge had been as-

signed to my case, I received no response.  I also sent a copy of that

letter to Asst. Atty. General E. G. Schencker, still no response. On

June 20, 05 sent a letter to Hon. T. Evans, Judge of Cook County and

Hon. T. Carmody, Judge of Sangamon County.  See Attached Exhibits  E,

Letter To Clerk & F, Letter To Chief Judge T. Evans.

(D) Ground four **Petitioner Is Entitled To Immediate Parole or Release**
    Supporting facts:

I was placed in **Mandatory** Pre-Start program by Warden John C. Battles

to be **Parole or Released**.  The only inmates placed in the **Mandatory**

**Pre-Start Program** are the inmates who going to be Parole or Released

**no later than 12 months** after graduation of this program in accor-

dance with Illinois Department Corr. Rules and Regulation. The Manda-

tory Pre-Start Program cannot be refused by inmates waiting to be

parole or released; refusal carries severe sancations. Exhibit  A

2  Have all grounds raised in this petition been presented to the highest court having jurisdiction?
   YES ( )   NO ( X)

3.  If you answered "NO" to question (16), state briefly what grounds were not so presented and why not:
    State Court has abandon my Petition of Mandamus, my letters to the
    Court, Clerk and Asst. Attorney General have gone unanwered. I need
    Help!

**PART IV -- REPRESENTATION**

Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A) At preliminary hearing ___Richard Burgess And Jack C. Vieley___

(B) At arraignment and plea _____Jack C. Vieley_____

(C) At trial _____Jack C. Vieley_____

(D) At sentencing _____Jack C. Vieley_____

(E) On appeal _Mr. Theodore A. Gottfried, State Appellate Def._

(F) In any post-conviction proceeding _Spencer L. Daniels And Richard Kling, Prof._

(G) Other (state): _____

**PART V -- FUTURE SENTENCE**

Do you have any future sentence to serve following the sentence imposed by this conviction?

YES ( )   NO (X )      Note:  I have two year additional sentenced that "aggregated" onto my original sentence 40-80 yrs.
Name and location of the court which imposed the sentence: Knox County, Galesburg, Illinois

Date and length of sentence to be served in the future 1994, 2 years. See Exhibit  1

WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

Signed on: __2/16/05__
        (Date)                                    _____
                                                  Signature of attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct.

                                    _____
                                    (Signature of petitioner)
                                    N-12206
                                    (I.D. Number)
                                    2600 N. Brinton Ave.
                                    (Address)
                                    Dixon, Illinois 61021

REVISED 01/01/2001

7

EXHIBIT    A,

PETITION OF MANDAMUS RELIEF/W EXHIBITS

Case 3:05-cv-50149 Document 1 Filed 07/21/2005 Page 9 of 42 *stamped* File Copy

IN THE

CIRCUIT COURT OF THE 1ST JUDICIAL CIRCUIT

COOK COUNTY, ILLINOIS

LAW DIVISION

| | | |
|---|---|---|
| JOHNNIE L. SAVORY, II, | ) | |
| Plaintiff, | ) | |
| | ) | 04L 009358 |
| vs. | ) Case No. | CALENDAR H |
| | ) | PROF. MALPRACTICE |
| RODGER WALKER, DIRECTOR OF | ) | |
| ILLINOIS DEPARTMENT OF CORR., | ) | |
| JORGE MONTES, CHAIRMAN OF | ) | |
| ILLINOIS PRISONER REVIEW BOARD. | ) | |
| | ) | |
| Defendant. | ) | |

### LEAVE TO FILE PETITION OF MANDAMUS
### "CASE OF FIRST IMPRESSION"

NOW COMES Plaintiff, Johnnie L. Savory, II, pro se, in order to give Notice to the Court for leave to file a PETITION OF MANDAMUS pursuant to Code of Civil Procedures 735 ILCS 5/14-101 et. seq., directed to above named Defendants.

In support thereof, Plaintiff states as follow:

1. Leave to file PETITION OF MANDAMUS is an action before the Court.

2. Plaintiff presents for issues of law pertaining to him while incarcerated at Dixon Corr. Center, Dixon, Illinois, LEE COUNTY.

3. Plaintiff contends that the issues to be presented are concerning his right to due process, equal protection of the law and the right not to be subjected to cruel and unusual punishment in accordance with the 5th, 14th and 8th amendment of the United States Constitution.

4. Plaintif alleges in the Petition that: (a) Defendants failed to release him six (6) months after completing MANDATORY

**Parole School,** otherwise known as - **Pre-Start Program or Post-Incarceration Supervision Program (PISP);** (b) Defendants failed to follow their own **Rules, Regulations and Procedures** [DEPARTMENT OF CORRECTIONS, RULES AND ADMINI-STRATIVE DIRECTIVES] effective 7/1/2001, Post Incarceration Supervision, 04.50.100; 04.50.101; 04.50.105; 04.50.110; 04.50.150. See Attached Exhibit A, Graduation Certificate

5.    Plaintiff's petition seeks to compel the Defendants to **follow its own Rules, Regulation and Procedures as cited herein paragraph 4, immediately Parole him, credit him (2) years on his parole time as of this date.** See Attached Exhibit B, Orienttaion Manual, Dixon Correctional Center

6.    **Plaintiff hereby** incorporate by reference all grounds and allegations stated in the PETITION OF MANDAMUS, a copy of which is attached hereto.


7.    **WHEREFORE, plaintiff** prays this Honorable Court grant him leave to file a PETITION OF MANDAMUS. Also, **Injunctive Relief** due to the continual **irreparable harm** the plaintiff is **suffering because** of the defendants refusal to comply with their **own rules, regulations and Administrative** Directives.


Respectfully Submitted,

Johnnie L. Savory, II
Pro Se
Reg. No. L-12206
Dixon Corr. Center
2600 N. Brinton Ave.
Dixon, Illinois  61021


Date:    July  28 , 2004


2

IN THE

**CIRCUIT** COURT OF **THE 1ST JUDICIAL CIRCUIT**

COOK COUNTY, ILLINOIS

LAW DIVISION

---

| | |
|---|---|
| JOHNNIE L. SAVORY,II, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| vs. ) | Case No. ___04L 009358___ |
| ) | CALENDAR H |
| ) | PROF. MALPRACTICE |
| RODGER WALKER, DIRECTOR OF ) | |
| ILLINOIS DEPARTMENT OF CORR., ) | |
| JORGE MONTES, CHAIRMAN OF ) | |
| ILLINOIS PRISONER REVIEW BOARD. ) | |
| ) | |
| Defendant. ) | |

---

## PETITION OF MANDAMUS
### "CASE OF FIRST IMPRESSION"

**NOW COMES** Plaintiff, Johnnie L. Savory, II, pro se, in order to give Notice to the Court for Leave To File A **PETITION OF MANDAMUS** pursuant to Code of Civil Procedures 735 **ILCS 5/14-101** et. seq. directed to the above named Defendants.

IN SUPPORT THEREOF, Plaintiff states as follows:

1. Plaintiff is currently incarcerated at Dixon Corr. Center, Dixon, Illinois, LEE County. Plaintiff is serving a sentence of 40-80 years for the charge murder.

2. Defendant, Rodger Walker, is the Director for The Illinois Department of Corrections and as such is responsible for protecting all inmates due process rights, abiding by all statutes, rules, regulations, procedures and Administrative Directives, whether past or present.

3. Defendant, Jorge Montes, is the Chairman of The Illinois Prisoners Review Board and as such is responsible setting all parole condition, length of parole time, Notifying Dircector of Illinois Department of Corrections and Warden of the Correctional Center that an Indeterminate prisoner is being Parole, protecting

all inmates/prisoners due process rights, abiding by all statutes, rules, regulations, procedures and Administratives Directives pertain to being parole.

4.    Plaintiff brings this PETITION OF MANDAMUS before the Court pursuant to Code of Civil Procedure 735 ILCS 5/14-101 et. seq.

5.    The plaintiff has requested that the defendants perform specific ministerial duties.  The defendants have refused to perform such duties regardless of plaintiff's clear entitlement to performance of the specific duties which are forth as follow:

    a)    Defendants refuse to release the plaintiff on parole six (6) months after he completed Pre-Start [otherwise known as - Post Incarceration Supervision, 04.50.100; 04.50.101; 04.50.105; 04.50.110; 04.50.150.  This progran is **MANDATORY** for those prisoners being released on parole 6 to 12 before their schedule release date.

    b)    Defendant refuse to follow their own Rules, Regulations, Procedures and Administrative Directives governing Pre-Start Program, which is **MANDATORY.**

    c)    Defendant, Rodger Walker, is the Director of The Illinois Department of Corrections and as such is responsible for abiding by all statutes, rules, regulations and Administrative Directives – whether past or present, protecting all inmates/prisoners due process rights and creating/promulgating New rules, regulations, procedures and Administrative Directives for early release and Post Incarceration Supervision for those being parole between 6 and 12 months before their schedule release date, for both indeterminate and determinate sentenceds.

    d)    Defendant, Jorge Montes, is the Chairman of the Illinois Prisoner Review Board and as such is responsible setting all parole condition, length of parole time served, Notifying the Director of Illinois Department of Corrections and Warden of the Correctional Center where the prisoner is being held that he is being paroled, protecting all inmates/prisoners due process rights, abiding by all statutes, rules, regulations, procedures and Administrative Directives pertaining to Parole.

2

6.    As a result of Defendants actions, Plaintiff have/will con-
tinue to suffer irreparable damages and be subjected to being held
illegally in prison, physical and psychological cruelty suffered
from the reasonable expectation for Parole, only to have it taken away for
no reason...

7.    **WHEREFORE,** Plaintiff prays the Court will grant any such relief
as the Court deems just and necessary by ruling Defendants actions of
failing to obey their own rules, regulations, procedures and Admini-
strative Directives resulted in a Denial of his due process rights.
FURTHERMORE, defendants created a liberty interest through the
Pre-Start Program for the plaintiff to be paroled upon completion of
the MANDATORY PROGRAM.

8.    **WHEREFORE,** Plaintiff Johnnie L. Savory, II, further prays this
Honorable Court will issue an ORDER OF MANDAMUS compelling Defendants
to:

    a)    Abide by their own [promulgated/created] rules, re-
        gulations, procedures and Administrative Directives for
        Pre-Start Program [otherwise known as Post Incarcera-
        tion Supervision, MANDATORY.];

    b)    Release the Plaintiff immediately without delay;

    c)    Grant Plaintiff two (2) years and some odd months time
        served on his remaining parole time;

    d)    Order the defendant not to be vindictive in any way
        towards the plaintiff because of this actions;

    e)    Order the Attorney General to confess error on behalf
        of the Defendants for violating the Plaintiff's due
        process rights.

    f)    To grant plaintiff leave to file brief/memorandum of
        law in support of PETITION OF MANDAMUS.

    g)    Order defendants to turn over all discovery as related
        to this actions.

    h)    To grant such other relief as the Court deems just and
        proper in the Spirit of the law.

3.

Respectfully Submitted,

Johnnie L. Savory, II
Pro Se
Reg. No. L-12206
Dixon Corr. Center
2600 N. Brinton Ave.
Dixon, Illinois 61021

Signed before me this ___28 th___ day of July, 2004.

NOTARY PUBLIC

"OFFICIAL SEAL"
Sally A. Joos
Notary Public, State of Illinois
My Commission Exp. 07/12/2008

STATE OF ILLINOIS)
                 )  -ss-
COUNTY OF LEE    )

## AFFIDAVIT

I, Johnnie L. Savory, II, deposes and says that as to the petition herein, he is the plaintiff in the above entitled cause; that he has read the foregoing document, by his signed, and that the statements contained therein are true in substance and facts.

/s/
Johnnie L. Savory, II
Pro Se

Signed before me this ___28 th___ day of July, 2004.

NOTARY PUBLIC

"OFFICIAL SEAL"
Sally A. Joos
Notary Public, State of Illinois
My Commission Exp. 07/12/2008

4

# EXHIBIT A,

## PRE START GRADUATION

### CERTIFICATE

# Certificate
# of
# Completion

## *This certifies that*

Johnny Savory

## *has completed the requirements*
## *of the PRESTART Program*
## *and is awarded this certificate.*

*Given at*     ILLINOIS RIVER CORRECTIONAL CENTER

*this*     12th     *day of*     April     *, 20* 02 *.*

Program Coordinator



EXHIBIT   B.

DIXON  CORR.  CENTER

ORIENTATION  MANUAL





# Dixon Correctional Center

## General Population

# ORIENTATION MANUAL





GENERAL POPUL.  _N

**"ORIENTATION MANUAL"**

PER ACA STANDARD 3-4275, THIS ORIENTATION MANUAL CONTAINS ALL THE SERVICES, PROGRAMS ⁄ POLICIES ESTABLISHED FOR THE GENERAL POPULATION AREA OF THE DIXON CORRECTIONAL CENTER.

PROCEDURES AND POLICIES WILL BE REVIEWED AND UPDATED AT LEAST ANNUALLY.

COPIES OF THIS MANUAL WILL BE MAINTAINED IN THE FOLLOWING OFFICES:

Chief Administrative Officer
Asst. Warden Operations
Asst. Warden Programs
Chief of Security II
Chief of Security I
STC/DPU Superintendent
S.E. Superintendent
Clinical Services Supervisor
Library

Date: 5/22/03

Jerry L. Sternes, Warden
Dixon Correctional Center

Date: 5/22/03

Nedra Chandler, Asst. Warden Programs
Dixon Correctional Center

Revised:  5/03

Page - 1 -

**Library**
Library Procedures.................................................................................................................Page  58
General Library ....................................................................................................................Pages  58
Law Library...........................................................................................................................Pages  59
Notary Public Service............................................................................................................Page  59

**Miscellaneous**
Volunteers .............................................................................................................................Page  59
PreStart Program ..................................................................................................................Page  59-60
Record Office ........................................................................................................................Page  60
Field Services........................................................................................................................Page  60
Contacting Dixon Correctional Center/Departments.............................................................Page  60-61
Inmate Bulletin Boards..........................................................................................................Page  61
Clothing, Bedding and Linen.................................................................................................Page  61
Photo Copying Service .........................................................................................................Page  61
Social Security Information ...................................................................................................Page  61-62
TDD Phone ...........................................................................................................................Page  62

## LAW LIBRARY RULES:

a.  Written requests for Sunday morning legal appointments should be submitted to the Librarians on request slips Those wishing to do their own legal research as well as those wishing to consult with a law clerk, must make appointments. Appointments cannot be requested for times when assigned to work or class.

b.  A schedule of appointments is prepared and distributed.

c.  Notary service is available from the Librarian, Paralegal Assistant or the Library Technical Assistant.

d.  Residents requiring non-legal related photocopies should make arrangements through their counselor. Photocopies are to be paid for with photocopy cards purchased at the commissary. Library staff will be responsible for copying legal related materials only.

e.  No library materials are to be removed from the Law Library.

f.  Incarcerated persons may assist one another in the preparation of legal documents to the extent consistent with institutional security. Incarcerated persons shall not receive compensation for such assistance.

g.  Typewriters will be available for inmate use for executive clemency petitions only and does require an advance reservation as indicated on the request for an appointment by written request slip. The typewriter will then be assigned for individual inmate use. Inmates will be given a typewriter ribbon and print wheel in exchange for their DOC I.D. card. The I.D. card will be returned to the inmate when the items are returned. Typewriter use will be for a one (1) hour time period. It should be noted that inmates may submit hand written legal work/documentation to the court. The only document that must be typed is the Executive Clemency Packet.

h.  Inmates will continue to request appointment times via Housing Unit sign up sheets. Inmates should be specific about which library is requested and the days requested. Vague requests for the "whole week" are not acceptable for scheduling purposes. Requests may be sent through institutional mail.

i.  Inmates may receive assistance from Inmate Law Clerks or other inmates. Asking for payment or offering payment for any assistance given is strictly prohibited.

j.  Inmates may bring only the necessary legal/school materials for any given appointment period. This work may be transported in a file folder which is available for purchase at the inmate commissary. Bags, boxes and any non-see through carriers may not be used.

For additional information, refer to D.R. 430, Subpart D, available in the Law Library.

## NOTARY PUBLIC SERVICE

You may receive Notary Services in Building 118 by Library staff during regular Library hours. These services will be provided by request slip and therefore you are encouraged to plan accordingly. Library staff may also be available to provide Notary Services in Segregation Building 130. I.D.'s will be required to verify the identity of the inmate. Inmates should have all documents notarized before having photocopies made.

## VOLUNTEERS

From time to time various departments of the Dixon Correctional Center utilize the services of volunteers. These volunteers provide services which directly or indirectly benefit inmates. Volunteers may be used in religious, recreational, and counseling functions, as an example. Volunteers are carefully screened prior to approval being granted for their admission to the facility and are competent in their area of service. Volunteers are to be treated with respect as one would any employee or visitor at Dixon.

## PRESTART

PreStart is a program designed to provide inmates with fundamental skills, information and resources prior to release. IDOC staff will provide support, monitor and assist releasees in accessing community resources. PreStart is also conducted to

familiarize soon to be released i    les with the rules, regulations and expect    is they will need to understand while unde community supervision.

PreStart is a pre-established curriculum presented by the Correctional Facility staff prior to release. Generally, the PreStart Coordinator will contact inmates who are within 3 to 8 months prior to their earliest projected release date to participate in the program. The program is MANDATORY as scheduled.

The delivery of the program curriculum will be a collaborative effort involving educators from School District 428 and staff from various departments at the Dixon Correctional Center. The curriculum is designed to educate inmates in independent living skills, provide job skills, improve self-esteem, enhance family/community reintegration and present the requirements and expectations of parole.

PreStart is a mandatory program but an inmate may be unable to attend due to such situations as writ status, illness or segregation status. In the event of such situations, careful follow up is established to provide PreStart information on an individual basis by the PreStart Coordinator.

The PreStart represents a meaningful and viable alternative to the cycle of incarceration. It is the goal of this program to reduce recidivism. This program provides instructional opportunities for each releasee to make a positive life style change.

## RECORD OFFICE

Inmates requesting information regarding time calculations, executive clemency filing, good time, board date, arrest record, county jail time verification, etc., should submit a written request to the Record Office. If the Record Office is unable to answer inmates' questions by written response, an interview will be arranged with the inmate by Record Office staff. Any time copies of legal documents are given to an inmate, they will be required to sign a receipt. Master Record files are confidential, and access is limited to authorized personnel only. Inmate access to material in the Master File is governed by DR 107D while release of Medical and Clinical Reports is in accordance with DR 107.330.

## FIELD SERVICES

The Field Service Office is responsible for coordinating the transition of inmates from the institution to the community. This transition occurs when an inmate is granted parole, mandatory supervised release, or is accepted into a community correctional center program. Once an inmate has been granted a parole or MSR, the Field Service Office will contact them and assist with release plans. This may include arranging for a place to live, providing community resource information, etc. Field Service staff generally will contact the inmate for parole plans when he has six months left to serve on his sentence. If you are in need of assistance with parole plans, send a request slip to the Field Service Representative.

## CONTACTING DIXON CORRECTIONAL CENTER STAFF/DEPARTMENTS

1. Inmates may request an interview with a Department's staff person by completing an inmate request form (kite) and placing it in the institutional mail box located in each housing unit.

2. Each inmate request form should contain the following information:
   A.    Full name and I.D. number
   B.    Housing unit and room number
   C.    Name of the person the inmate wishes to speak with.
   D.    A specific reason for requesting the interview (i.e., placement on a specific assignment,
       _ information regarding MGT or Work Release placement, etc.)

3. Inmate request forms which are not properly filled out may not be honored.

4. Any inmate that has difficulty reading or writing should seek assistance from a staff member or other inmate in completing an inmate request form.

5. After receiving the inmate request form, the staff person will determine if the request for an interview warrants an interview or if a written reply is sufficient.

h.    Inmates will continue to request appointment times via Housing Unit sign up sheets. Inmates should be specific about which library is requested and the days requested. Vague requests for the "whole week" are not acceptable for scheduling purposes. Requests may be sent through institutional mail.

i.    Inmates may receive assistance from Inmate Law Clerks or other inmates. Asking for payment or offering payment for any assistance given is strictly prohibited.

j.    Inmates may bring only the necessary legal/school materials for any given appointment period. This work may be transported in a file folder which is available for purchase at the inmate commissary. Bags, boxes and any non-see through carriers may not be used.

For additional information, refer to D.R. 430, Subpart D, available in the Law Library.

## NOTARY PUBLIC SERVICE

You may receive Notary Services in Building 118 by Library staff during regular Library hours. These services will be provided by request slip and therefore you are encouraged to plan accordingly. Library staff may also be available to provide Notary Services in Segregation Building 130. I.D.'s will be required to verify the identity of the inmate. Inmates should have all documents notarized before having photocopies made.

## VOLUNTEERS

From time to time various departments of the Dixon Correctional Center utilize the services of volunteers. These volunteers provide services which directly or indirectly benefit inmates. Volunteers may be used in religious, recreational, and counseling functions, as an example. Volunteers are carefully screened prior to approval being granted for their admission to the facility and are competent in their area of service. Volunteers are to be treated with respect as one would any employee or visitor at Dixon.

## POST INCARCERATION SUPERVISION PROGRAM (PISP)

PISP is a program designed to provide inmates with fundamental skills, information and resources prior to release. IDOC staff will provide support, monitor and assist releasees in accessing community resources. PISP is also conducted to familiarize soon to be released inmates with the rules, regulations and expectations they will need to understand while under community supervision.

PISP is a pre-established curriculum presented by the Correctional Facility staff prior to release. Generally, the PISP Coordinator will contact inmates who are within 12 months prior to their earliest projected release date to participate in the program. The program is MANDATORY as scheduled.

The delivery of the program curriculum will be a collaborative effort involving educators from School District 428 and staff from various departments at the Dixon Correctional Center. The curriculum is designed to educate inmates in independent living skills, provide job skills, improve self-esteem and enhance family/community reintegration. Inmates have the responsibility of preparing a personalized Individual Development Plan to help direct them after release toward the achievement of their personal goals. The IDP is used by the Community Services Staff upon the inmate's release to assist the inmate with reintegration into the free community.

PISP is a mandatory program but an inmate may be unable to attend due to such situations as writ status, illness or segregation status. In the event of such situations, careful follow up is established to provide PISP information on an individual basis by the PISP Coordinator.

The PISP represents a meaningful and viable alternative to the cycle of incarceration. It is the goal of this program to reduce recidivism. This program provides instructional opportunities for each releasee to make a positive life style change.

IN THE
CIRCUIT COURT OF THE 1ST JUDICIAL CIRCUIT
COOK COUNTY, ILLINOIS
LAW DIVISION

JOHNNIE LEE SAVORY,II,        )
                              )
          Plaintiff,          )
                              )
     vs.                      )        Case. No._____
                              )                04L 009358
RODGER WALKER, DIR. OF IDOC.  )                CALENDAR H
JORGE MONTES, CHAIRMAN OF     )                PROF. MALPRACTICE
ILLINOIS PRISONER REVIEW BOARD. )


## PROOF/CERTFICATE OF SERVICE

TO: Hon. Dorothy Brown, Clerk           TO: Rodger Walker, Director
    CircuitfCourt of Cook County            Illinois Department of Corr.
    50 West Washington St.                  100 W. Randolph Street
    Suite 1001                              Suite 4-200
    Chicago, Il. 60602                      Chicago, Il.  60601

TO: Jorge Montes, Chairman
    Illinois Prisoner Review Board
    319 E. Madison Street
    Suite A
    Sprinfield, Il.  62701

PLEASE TAKE NOTICE that on July 28, 2004, I have placed the docu-
ments listed below in the Institutional Mail at Dixon Correctional
Center, properly addressed to the parties listed above for mailing
through the United States Postal Services: 2600 N. Brinton Ave.,
Dixon, Illinois  61021

1.  LEAVE TO FILE PETITION OF MANDAMUS

2.  PETITION OF MANDAMUS, ATTACHED EXHIBITS & TWO SUMMONS

3.  APPLICATION TO SUE OR DEFEND AS A POOR PERSON

Pursuant to 28 USC 1746, 18 USC 1621, or 735 ILCS 5/1-109, I de-
clare, under the penalty of perjury, that I am the named party in
the above documents, and that the information contained therein
is true and correct to the best of my knowledge.

Date:  July 28, 2004                    /s/_____
                                           Johnnie L. Savory, II
                                           Pro Se
                                           Reg. No. L-12206
                                           Dixon Corr. Center
                                           2600 N. Brinton Ave.
                                           Dixon, Illinois 61021

Order to Sue or Defend as an Indige. Person                                        (7/16/04) CCG 0689 C

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

JOHNNIE LEE SAVORY, II,
                                    Plaintiff/Petitioner

                    v.
RODGER WALKER, DIR., IL. DEPT. OF CORR.
JORGE MONTES, CHAIRMAN, IL. PRISONER
REVIEW BOARD
                                    Defendant/Respondent

04L 00935B
CALENDAR H
No. _____ PROF. MALPRACTICE

Calendar _____

## ORDER

This matter coming before the Court on an Application and Affidavit to Sue or Defend as an Indigent Person, the Court being fully advised in the premises, IT IS HEREBY ORDERED;

Pursuant to Supreme Court Rule 298 and 735 ILCS 5/5-105:

☑ The applicant is permitted to sue or defend without payment of fees, costs or charges. The applicant may be ordered to pay any portion of the waived fees or costs out of a settlement or judgment resulting from this action.

❑ The application is denied for the following reason(s): _____
_____
_____.

❑ Payment shall be: ❑ made by _____ OR ❑ deferred until _____ OR ❑ other _____
                                    (date)                                    (date)
_____.

JUDGE BILL TAYLOR
AUG 1 8 2004
ENTERED:            CIRCUIT COURT-1648

Dated: _____, _____

_____                    1644
        Judge                                    Judge's No.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

EXHIBIT  B,  C  &  D,

B,███ COURT'S TRANSFER ORDER, JANUARY 26, 05

C,  PETITIONER'S LETTER TO ASST. ATTY. GENERAL

D,  LETTER FROM ASST. ATTY. GENERAL TO PETITIONER LETTER

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| JOHNNIE LEE SAVORY II, (L-12206) | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 04 L 9358 |
| | ) |
| ROGER E. WALKER, JR., IDOC/et al., | ) |
| | ) |
| Defendant. | ) |

### AGREED ORDER

THIS CAUSE COMING TO BE HEARD for hearing on Defendants Amended

Motion to Transfer Venue, with counsel for the Defendant present and with the Plaintiff

having communicated his agreement to transfer this matter to either Fulton County or

Sangamon County via letters dated December 28, 2004 and January 22, 2005;

### IT IS HEREBY ORDERED:

1. Defendant Walker's Motion to Transfer Venue is granted;

2. This cause is transferred instanter to the Seventh Judicial Circuit in Sangamon

   County, Illinois.

3. The Clerk of the Circuit Court to perfect transfer.

LISA MADIGAN                                             Entered:
ATTORNEY GENERAL ILLINOIS
ATTORNEY NUMBER: 99000                        JUDGE RANDYE A. KOGAN
Name: Eliot G. Schencker, AAG
Attorney for: Defendant Walker                        JAN/2 0 2005
Address: 100 West Randolph, 13th Floor
City/Zip: Chicago, IL 60601q                    Judge Randye A. Kogan Circuit Court - 1509
Telephone: 312/814-3654

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| JOHNNIE LEE SAVORY II, (L-12206) | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 04 L 9358 |
| | ) |
| ROGER E. WALKER, JR., IDOC/et al., | ) |
| | ) |
| Defendant. | ) |

## AGREED ORDER

THIS CAUSE COMING TO BE HEARD for hearing on Defendants Amended

Motion to Transfer Venue, with counsel for the Defendant present and with the Plaintiff

having communicated his agreement to transfer this matter to either Fulton County or

Sangamon County via letters dated December 28, 2004 and January 22, 2005;

IT IS HEREBY ORDERED:

1. Defendant Walker's Motion to Transfer Venue is granted;

2. This cause is transferred instanter to the Seventh Judicial Circuit in Sangamon

    County, Illinois.

3. The Clerk of the Circuit Court to perfect transfer.

LISA MADIGAN                                            Entered:
ATTORNEY GENERAL ILLINOIS
ATTORNEY NUMBER: 99000
Name: Eliot G. Schencker, AAG
Attorney for: Defendant Walker
Address: 100 West Randolph, 13th Floor
City/Zip: Chicago, IL 60601q
Telephone: 312/814-3654

JUDGE RANDYE A. KOGAN

JAN 2 6 2005

Judge Randall Circuit Court - 1509

February 23, 2005

Mr. Johnnie L. Savory, II
Reg. No. L-12206
Dixon Corr. Center
2600 N. Brinton Ave.
Dixon, Illinois 61021


Mr. Eliot G. Schencker, Asst. Atty. General

**OFFICE OF THE** ATTORNEY GENERAL
100 West Randolph Street
Chicago, Illinois 60601


Re:   Hon. Randye Kogan, Presiding Judge, Case No. 04 L 9358,
      Calender H;  Request Attorney General To Confess Error,
      Johnson v. McGinnis, 571 F. Supp. 270

Dear  Mr. Schencker:

I am requesting that the Attorney General Office confess error on
behalf of its clients in this case because of the clear and indis-
putable evidence that the plaintiffs violated my due process rights
when they created  a reasonable exspectation that I would be parole
after I completed the mandatory program of Pre-Start, which is
only given to those inmates who are going to be parole no later
than 12 months after completing the program.  As the Attorney
General knows, the Pre-Start program creates a liberty interest
for all inmates that are mandated to participate and graduate
without incident.

Furthermore, no inmate can refuse this program without suffering
severe sanction, which includes automatic segregation placement,
lost of good time credits, etc. My complaint and this letter is
being done in Good Faith.  I believe this matter can be resolve
without tieing up the Judicial system with unnecessary litigation.
I am more than willing to work you to bring this matter to a
close, in which all parties can agree.


Also, please note that every inmate that has attended this pro-
gram has been parole and release. Moreover, both determinate
and indeterminate sentences has participate in the Pre-Start Pro-
gram before being released or parole,  these facts cannot change.


In closing, I thank you in advance for your time, consideration
and thorough investigation of this matter.  I am appealing to the
integrity and honor of this Office, I am only seeking the Con-
stitutional protection that this Office represent for all.

Respectfully,

Johnnie L. Savory, II


xc:   Hon. Randye Kogan, Presiding Judge
      File



## OFFICE OF THE ATTORNEY GENERAL
STATE OF ILLINOIS

**Lisa Madigan**
ATTORNEY GENERAL

February 28, 2005

*Via U.S. Mail*

Mr. Johnnie L. Savory, II
Reg. No. L-12206
Dixon Correctional Center
2600 N. Brinton Avenue
Dixon, Illinois 61021

Re:    **Savory v. Walker, et al.,**
       Case No. 04 L 9358

Dear Mr. Savory:

I received a copy of your letter dated February 23, 2005, earlier today. You will recall that Defendants' Amended Motion to Transfer Venue was granted in an Agreed Order entered by Judge Randye A. Kogan on January 26, 2005. (See Order attached hereto.) In your letters dated December 28, 2004 and January 22, 2005, you agreed that Cook County was not the proper situs for the purpose of fixing venue and you agreed that your case should be transferred to a county where venue was proper. As a result, the case was transferred to Sangamon County, Illinois. This case file was then transferred to the Attorney General's Springfield Office which is located in Sangamon County. Your case in Sangamon County will receive a new case number and a new Assistant Attorney General will be assigned to it.

While you discuss the merits of your case in your letter, you may recall that Defendants' Amended Motion addressed the venue issue only and did not address the merits of your claim. The merits of your case are to be litigated in Sangamon County, and the arguments made in your letter are more properly before the Sangamon County Court.

I will send your letter to the Attorney General's Springfield Office, so that it can be forwarded to the Assistant Attorney General assigned to the case.

Thank you for your attention to this matter.

Sincerely,

ELIOT G. SCHENCKER
Assistant Attorney General
General Law Bureau
100 West Randolph, 13th Floor
Chicago, Illinois 60601
(312) 814-3654

Egs/Enclosure

500 South Second Street, Springfield, Illinois 62706 • (217) 782-1090 • TTY: (217) 785-2771 • Fax: (217) 782-7046
100 West Randolph Street, Chicago, Illinois 60601 • (312) 814-3000 • TTY: (312) 814-3374 • Fax: (312) 814-3806
1001 East Main, Carbondale, Illinois 62901 • (618) 529-6400 • TTY: (618) 529-6403 • Fax: (618) 529-6416



## OFFICE OF THE ATTORNEY GENERAL
### STATE OF ILLINOIS

**Lisa Madigan**
ATTORNEY GENERAL

February 28, 2005

*Via U.S. Mail*

Mr. Johnnie L. Savory, II
Reg. No. L-12206
Dixon Correctional Center
2600 N. Brinton Avenue
Dixon, Illinois 61021

Re:     **Savory v. Walker, et al.,**
        Case No. 04 L 9358

Dear Mr. Savory:

I received a copy of your letter dated February 23, 2005, earlier today. You will recall that Defendants' Amended Motion to Transfer Venue was granted in an Agreed Order entered by Judge Randye A. Kogan on January 26, 2005. (See Order attached hereto.) In your letters dated December 28, 2004 and January 22, 2005, you agreed that Cook County was not the proper situs for the purpose of fixing venue and you agreed that your case should be transferred to a county where venue was proper. As a result, the case was transferred to Sangamon County, Illinois. This case file was then transferred to the Attorney General's Springfield Office which is located in Sangamon County. Your case in Sangamon County will receive a new case number and a new Assistant Attorney General will be assigned to it.

While you discuss the merits of your case in your letter, you may recall that Defendants' Amended Motion addressed the venue issue only and did not address the merits of your claim. The merits of your case are to be litigated in Sangamon County, and the arguments made in your letter are more properly before the Sangamon County Court.

I will send your letter to the Attorney General's Springfield Office, so that it can be forwarded to the Assistant Attorney General assigned to the case.

Thank you for your attention to this matter.

Sincerely,

ELIOT G. SCHENCKER
Assistant Attorney General
General Law Bureau
100 West Randolph, 13th Floor
Chicago, Illinois 60601
(312) 814-3654

Egs/Enclosure

500 South Second Street, Springfield, Illinois 62706 • (217) 782-1090 • TTY: (217) 785-2771 • Fax: (217) 782-7046
100 West Randolph Street, Chicago, Illinois 60601 • (312) 814-3000 • TTY: (312) 814-3374 • Fax: (312) 814-3806
1001 East Main, Carbondale, Illinois 62901 • (618) 529-6400 • TTY: (618) 529-6403 • Fax: (618) 529-6416

EXHIBITS    E    &    F,

E,    LETTER TO CHIEF JUDGE TIMOTHY EVANS
& CHIEF JUDGE THOMAS P. CARMODY

F,    LETTER TO ANTHONY LIBRI, CIR. CLERK OF SANGAMON COUNTY

April 6, 2005

Mr. Johnnie L. Savory, II
Reg. No. L-12206
Dixon Corr. Center
2600 N. Brinton Ave.
Dixon, Illinois 61021

Hon. Anthony Libri, Cir. Clerk
    SANGAMON COUNTY
County Complex
200 South Ninth Street
Springfield, Illinois 62701-1629

        Re: Case No. 04 L 9358, Calender H


Dear Clerk of THe Court:

It has been over two (2) months since my case was transfered to
Sangamon County from Cook County; however, I have not been
notified by your Office as too the Judge that has been assigned
to my case, nor has anyone from the Attorney General's Office
contacted me.

In closing, I thank you in advance for your time, consideration
and help regarding this matter.

Respectfully,

Johnnie L. Savory, II


xc:   Eliot G. Schencker, Asst. Atty. Gen.

June 20, 2005


Mr. Johnnie L. Savory, II
Reg. No. L-12206
Dixon Corr. Center
2600 N. Brinton Ave.
Dixon, Illinois   61021


Hon. Timothy Evans, Chief Judge
CIRCUIT COURT OF COOK COUNTY
RICHARD J. DALEY CENTER
50 West Washington St.
   Ste. 2600
Chicago, Illinois 60602


Re:   Case No. 04 L 9358, Calender H


Dear Judge Evans:

I am being held illegally in prison, and as a result of the
defendants continuing denial of my due process rights I am being
denied my Constitutional Liberty. I filed a Petition for
Mandamus Relief within the 1 Judicial Circuit; however, I agreed
with the Assistant Attorney General to have the case transfered
to either Fulton County where the incident occurred, or Sangamon
County where both defendants work.  The Hon. Randye A. Kogan,
Judge of The First Judicial Cir. signed the transfer Order on
January 26, 2005; however, no one from the Sangamon County Clerk's
Office has contacted me, nor has anyone from the Attorney Gen.
Office in Springfield contacted me.

As you will see from the enclosed letters I have contacted both
the Sangamon County Circuit Clerk and the Asst. Attorney General
Mr. Eliot G. Schencker, attorney no. 99000.  The facts within
my Petition are indisputable.

In closing, also the Sangamon County Sheriff's Office  has re-
fuse to acknowledge whether they served defendant Jorge Montes,
Chairman of the Illinois Prisoner Review Board.  I thank you in
advance for your time, consideration and help regarding this
most urgent matter.

Respectfully,

XC: Hon. Thomas P. Carmody, Chief Judge

EXHIBITS    E    &    F,

E,   LETTER TO CHIEF JUDGE TIMOTHY EVANS
& CHIEF JUDGE THOMAS P. CARMODY

F,   **LETTER** TO ANTHONY LIBRI, CIR. CLERK OF SANGAMON COUNTY

April 6, 2005

Mr. Johnnie L. Savory, II
Reg. No. L-12206
Dixon Corr. Center
2600 N. Brinton Ave.
Dixon, Illinois 61021

Hon. Anthony Libri, Cir. Clerk
     SANGAMON COUNTY
County Complex
200 South Ninth Street
Springfield, Illinois 62701-1629

       Re: Case No. 04 L 9358, Calender H


Dear Clerk of THe Court:

It has been over two (2) months since my case was transfered to
Sangamon County from Cook County; however, I have not been
notified by your Office as too the Judge that has been assigned
to my case, nor has anyone from the Attorney General's Office
contacted me.

In closing, I thank you in advance for your time, consideration
and help regarding this matter.

Respectfully,

Johnnie L. Savory, II

xc:   Eliot G. Schencker, Asst. Atty. Gen.

June 20, 2005


Mr. Johnnie L. Savory, II
Reg. No. L-12206
Dixon Corr. Center
2600 N. Brinton Ave.
Dixon, Illinois   61021


Hon. Timothy Evans, Chief Judge
CIRCUIT COURT OF COOK COUNTY
RICHARD J. DALEY CENTER
50 West Washington St.
   Ste. 2600
Chicago, Illinois 60602


Re:   Case No. 04 L 9358, Calender H

Dear Judge Evans:

I am being held illegally in prison, and as a result of the
defendants continuing denial of my due process rights I am being
denied my Constitutional Liberty. I filed a Petition for
Mandamus Relief within the 1 Judicial Circuit; however, I agreed
with the Assistant Attorney General to have the case transfered
to either Fulton County where the incident occurred, or Sangamon
County where both defendants work. The Hon. Randye A. Kogan,
Judge of The First Judicial Cir. signed the transfer Order on
January 26, 2005; however, no one from the Sangamon County Clerk's
Office has contacted me, nor has anyone from the Attorney Gen.
Office in Springfield contacted me.

As you will see from the enclosed letters I have contacted both
the Sangamon County Circuit Clerk and the Asst. Attorney General
Mr. Eliot G. Schencker, attorney no. 99000. The facts within
my Petition are indisputable.

In closing, also the Sangamon County Sheriff's Office has re-
fuse to acknowledge whether they served defendant Jorge Montes,
Chairman of the Illinois Prisoner Review Board. I thank you in
advance for your time, consideration and help regarding this
most urgent matter.

Respectfully,

XC: Hon. Thomas P. Carmody, Chief Judge

EXHIBIT    1,

(1)   ILLINOIS DEPARTMENT OF CORR. SENTENCED
      CALCULATION SHEET

(2)   ILLINOIS DEPARTMENT OF CORR. INTERNET
      INMATE STATUS SHEET

DC 1352

**FOR CONVERSION OF INDETERMINATE SENTENCES TO 1978 LAW,**
**DAY FOR DAY GOOD TIME, SENTENCED AFTER FEBRUARY 1, 1978.**

NAME _Johnnie L. Savory_    NUMBER _L12206_    DATE _1-8-02_

77CF565    40 - 80

**(STEP 1)** (MITTIMUS NUMBER _93CF122_)    2 - 2
_____
82

(MINIMUM)

Yr. Mo. Day
1977. 1. 25

+ 20  6    (Custody Date)
           (Minimum Less G.C.C.)
1997  7. 25    (Projected Minimum)    160d MGT
-for-  5.  10    (Previous Time -
               Lost/Awarded)
1997. 2. 15    (Adjusted Projected Minimum)


**(STEP 2)**

MAXIMUM

Yr. Mo. Day
1977. 1. 25

+  41    (Custody Date)
         (Maximum Less G.C.C.)
2018. 1. 25    (Projected Maximum)    160d MGT
(17) (12)    (Previous Time -
+or  5    10    Lost/Awarded)
2017. 8. 15    (Adjusted Projected Maximum)

_____

**(NOTATION)**

Yr. Mo. Day

         (Recustody Date)
         (Escape, Release
=        on Bond, Etc.)
         (Time Lost)

════════════════════════════════════════════

Adj. Projected Minimum _2. 15. 97_    Terminal Operator_____
Adj. Projected Maximum _8. 15. 2017_    Date Entered_____
Calculated By _JCW_

DC 1352 (Rev.2/97)
IL426-00541

— DAY FOR DAY —
DOES NOT BENIFIT



**Roger E. Walk**

**Rod R. Blagoj**

| Agency Links | Inmate Search | Other Inmate |
|---|---|---|
| Director | | Locators |

Dept Overview FY 03
Mission Statement
Inmate Search
Facilities
Visitation Rules
IDOC News
Reports & Stats
Jobs @ IDOC
Industries
Victim Services
Correctional
Conferences
Wanted Fugitives
Attorney FAQ
FAQ
Contact Us
IDOC Home
☐ State Links
Search Illinois

Go [Search Tips]

Federal Inmate
Locator

Press for Printer Friendly Version (no graphics)

CHECK TO INCLUDE PHOTO ☑



# L12206 - SAVORY, JOHNNY L.

| | |
|---|---|
| Parent Institution: | Dixon Correctional Center |
| Inmate Status: | IN CUSTODY |
| Location: | DIXON |
| Discharge Reason: | |

## VITALS
| | |
|---|---|
| Date of Birth: | 07-25-1962 |
| Weight: | 155 lbs. |
| Hair: | Black |
| Sex: | Male |
| Height: | 5 ft. 08 in. |
| Race: | Black |
| Eyes: | Brown |

## MARKS, SCARS, & TATTOOS
SCAR, ARM, LEFT - SCAR ARM, LEFT
DISCOLORATION, CHEST - MARK CHEST

## ADMISSION / RELEASE / DISCHARGE INFO
| | |
|---|---|
| Custody Date: | 06/25/1981 |
| Projected Parole Date: | 02/30/1985 |
| Paroled Date: | — |
| Tentative Discharge Date: | |
| Discharge From Parole: | 02/21/2012 |

## SENTENCING INFORMATION
| MITTIMUS: | 77CF565 |
|---|---|
| CLASS: | M |
| COUNT: | 2 |
| OFFENSE: | MURDER/INTENT TO KILL/INJURE |
| CUSTODY DATE: | 01/25/1977 |
| SENTENCE: | 80 YEARS 0 MONTHS 0 DAYS |
| COUNTY: | PEORIA |
| SENTENCE DISCHARGED?: | NO |
| | |
| MITTIMUS: | 93CF122 |

| CLASS: | 3 |
|---|---|
| COUNT: | 1 |
| OFFENSE: | BRING/POSS CONTRAB IN PENAL INST |
| CUSTODY DATE: | 01/25/1977 |
| SENTENCE: | 2 YEARS 0 MONTHS 0 DAYS |
| COUNTY: | KNOX |
| SENTENCE DISCHARGED?: | NO |
| | |

All complaints regarding the accuracy of information contained in these
documents should be submitted, in writing, to the Illinois Department of
Corrections, P.O. Box 19277, Springfield, IL 62794-9722.

Copyright © 2002
IDOC

IDOC Privacy Information | Illinois Privacy Information | Kids Privacy | Web Accessibility | IDOC
Webmaster

*IN THE*
UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

JOHNNIE L. SAVORY, II, #L-12206 )
**Plaintiff,** )
                                )
                                ) Case No. _____
    **v.**                      )
                                )
NEDRA CHANDLER, WARDEN IDOC/et al.,)
**Defendant** )

## PROOF/CERTIFICATE OF SERVICE

**TO:** CLERK OF THE UNITED STATES        **TO:**   ATTORNEY GENERAL
DISTRICT COURT, PRISONER CORRESPONDENT     100 W. RANDOLPH ST.

219 S. DEARBORN ST.                        CHICAGO, IL. 60601
CHICAGO, IL. 60604

**PLEASE TAKE NOTICE** that on __JULY 17,_____, 20 05 , I have placed the documents listed below
in the institutional mail at DIXON_____ Correctional Center, properly addressed to the parties listed above
for mailing through the United States Postal Service: 2600 N. BRINTON AVE._____
DIXON, ILLINOIS 61021_____
PETITION FOR WRIT OF HABEAS CORPUS/W EXHIBITS_____

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare, under penalty of perjury, that I am a
named party in the above action, that I have read the above documents, and that the information contained
therein is true and correct to the best of my knowledge.

**DATE:** __JULY 17, 2005__

/s/ _____
NAME: JOHNNIE L. SAVORY, II
IDOC#: L-12206
   DIXON   ·Correctional Center
P.O. BOX 1200
   DIXON _____, IL 61021

Revised Jan 2002